IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ANTHONY HOPKINS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 20-CV-0084-TCK-JFJ |
| JIMMY MARTIN, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Mark Anthony Hopkins, a state inmate appearing through counsel, commenced this action on February 26, 2020, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. 4). Before the Court is respondent's motion (Dkt. 6) to dismiss the habeas petition as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. For the reasons that follow, the Court grants respondent's motion and dismisses the petition for writ of habeas corpus, with prejudice, as barred by the statute of limitations.

I.

Petitioner seeks federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2013-1068. Represented by counsel, petitioner pleaded guilty in that case to one count of first degree murder, three counts of shooting with intent to kill, and two counts of feloniously pointing a firearm. Dkt. 7-1, at 1-4.[1] The trial court found petitioner was competent for purposes of the plea hearing and accepted petitioner's pleas as knowing and voluntary. *Id.* at 5. On December 12, 2013, the trial court sentenced petitioner to serve life without parole, three life sentences, and two 10-year prison terms. Dkts. 7-2 through 7-7.

---

[1] For consistency, the Court's record citations refer to the CM/ECF pagination.

Proceeding pro se, petitioner timely moved to withdraw his plea on December 23, 2013, primarily alleging counsel failed to adequately advise him about entering a guilty plea. Dkt. 7-8. Trial counsel filed a motion to withdraw the plea on December 23, 2013, sought leave to withdraw, and asked the court to appoint conflict counsel. Dkt. 7-9. The trial court appointed conflict counsel, held a hearing on the motion to withdraw the plea, and denied the motion in an order filed January 22, 2014. Dkt. 7-10, at 24-25. Petitioner did not pursue a certiorari appeal. Dkt. 4, at 8; Dkt. 7, at 2.

On September 6, 2019, petitioner, represented by the same counsel who appears in this habeas action, filed an application for postconviction relief and brief in support of the application in the District Court of Tulsa County. Dkts. 7-11, 7-12. Petitioner sought relief on three propositions: (1) the trial court lost jurisdiction to accept his plea because the trial court "failed to issue a sufficient order determining competence thus violating due process under the Fourteenth Amendment," (2) petitioner's conflict counsel rendered ineffective assistance during the hearing on the motion to withdraw the plea, in violation of the Sixth and Fourteenth Amendments, and (3) petitioner was denied the right to appeal through no fault of his own and should be granted an out-of-time appeal. Dkt. 7-11, at 2-3. The state district court denied postconviction relief on October 11, 2019, petitioner timely filed a postconviction appeal, and the Oklahoma Court of Criminal Appeals affirmed the denial of postconviction relief on January 17, 2019. Dkts. 7-13, 7-14.

Over one year later, on February 26, 2020, petitioner, through counsel, filed the instant petition for writ of habeas corpus. Dkt. 4, at 1. Petitioner seeks federal habeas relief on two grounds: (1) his guilty plea was obtained in violation of the Fourteenth Amendment "where the state court record cannot be afforded deference because it does not resolve the issue of competency at the time petitioner entered a plea," and (2) petitioner received ineffective assistance of counsel

at the hearing on his motion to withdraw the plea, in violation of the Sixth Amendment, because counsel did not file a notice of appeal from the denial of his motion. Dkt. 4, at 2, 15, 17-18. In response to the petition, respondent filed a motion (Dkt. 6) to dismiss the petition as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations and a brief (Dkt. 7) in support of the dismissal motion. Petitioner did not respond to the dismissal motion.

## II.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state prisoner seeking federal habeas relief from a state-court judgment through a § 2254 petition for writ of habeas corpus generally has one year to file a federal habeas petition. The one-year limitation period commences on the latest of the following four dates:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Regardless of when the one-year limitation period commences, that period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). However, to obtain the benefit of statutory tolling, the petitioner must file the application for state postconviction relief or other collateral review (1) in accordance with applicable state laws and procedural rules, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), and (2) before the applicable AEDPA one-year limitation period expires, *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

3

Because the AEDPA's one-year statute of limitations is not jurisdictional, federal courts may toll the one-year limitation period for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To obtain equitable tolling, a habeas petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of the federal habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner "to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). While equitable tolling is available to permit review of untimely habeas claims, it is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting *Yang*, 525 F.3d at 929).

In addition, courts may excuse noncompliance with the statute of limitations if the petitioner makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Like the remedy of equitable tolling, the *Perkins*' exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 395 (alteration in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

**III.**

Respondent urges the Court to dismiss the petition as time-barred for three reasons. First, respondent contends the habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A) because petitioner failed to file it within one year of the date his state-court judgment became final. Dkt. 7, at 4-5. Second, respondent contends petitioner has not shown that his one-year limitation period commenced at a later date under any other provisions in § 2244(d)(1). Dkt. 7, at 4-5 n.2. Third,

4

respondent contends petitioner has not shown that the one-year limitation period should be either extended or excused for equitable reasons. Dkt. 7, at 5-10.

As previously stated, petitioner did not file a response to the dismissal motion. However, petitioner did make arguments in his petition to support his belief that he complied with the statute of limitations. Dkt. 4, at 9-12, 14-15. Fairly construing the petition,[2] petitioner appears to argue that his petition is timely and/or he is entitled to equitable tolling of the one-year limitation period for three reasons. First, he contends his state-court judgment never became final because he has an unspecified "mental illness or defect" that caused the trial court to stay his criminal prosecution and the trial court failed to determine his competency before petitioner entered his guilty plea. Dkt. 4, at 9-10, 12. Second, petitioner "argues that because of a state created impediment and a constructive denial of the effective assistance of counsel he has been prevented from bringing a claim addressing the State action which has prevented him from bringing a claim." *Id.* at 12. Third, petitioner asserts, "[a]ny decision that would violate 28 U.S.C. § 2254(d) is subject to equitable tolling because § 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,'" and because the AEDPA's statute of limitations is not jurisdictional. Dkt. 4, at 14-15 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring)).

## IV.

The petition is not timely under § 2244(d)(1)(A). Section 2244(d)(1)(A) requires a state

---

[2] Because petitioner is represented by counsel, the Court will not liberally construe the habeas petition as it would have had petitioner filed the petition himself. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that courts must liberally construe pleadings filed by pro se litigants). Nevertheless, the Court will construe the petition "so as to do justice." Fed. R. Civ. P. 8(e).

prisoner to file his or her federal habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because petitioner's convictions resulted from guilty pleas, his only path to direct review under Oklahoma law was through a certiorari appeal. *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012). Petitioner therefore had 10 days from December 12, 2013, the date of his sentencing hearing, to file a motion to withdraw his plea and request a hearing on that motion if he intended to pursue an appeal. *See id.*, 700 F.3d at 441 (noting that an "application to withdraw guilty plea and the evidentiary hearing are both necessary and critical steps in securing [a certiorari] appeal" (quoting *Randall v. State*, 861 P.2d 314, 316 (Okla. Crim. App. 1993)); Okla. Stat. tit. 22, § 1051; Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019) (providing criminal defendant convicted on guilty plea must move to withdraw guilty plea within 10 days of sentencing if defendant intends to appeal). Proceeding pro se and subsequently through plea counsel, petitioner timely moved to withdraw his plea, and the trial court denied his motion on January 22, 2014, following a hearing. Dkt. 7-10, at 24-25. Under Oklahoma law, petitioner had 10 days from the trial court's decision, or until February 3, 2014,[3] to file a notice of his intent to appeal. Rule 4.2(D), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019) (providing criminal defendant seeking to appeal the denial of a motion to withdraw guilty plea must file a notice of intent to appeal within 10 days of the date the motion is denied). Because petitioner did not file a notice of intent to appeal before the 10-day period expired, his state-court judgment became final on February 3, 2014, when the 10-day period expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining that a

---

[3] Petitioner's 10-day period would have expired on February 1, 2014. However, because that date fell on a Saturday, petitioner had until the following Monday, February 3, 2014, to file a notice of intent to appeal. Fed. R. Civ. P. 6(a)(1)(C).

6

state court judgment becomes final when the time for seeking direct review expires).

Petitioner's argument that his state-court judgment never became final because the trial court failed to determine his competency before he entered his guilty pleas finds no support in the record. As respondent argues, the record clearly shows that the trial court held a competency hearing on August 26, 2013. Dkt. 7-10, at 9. Petitioner, represented by counsel, appeared at that hearing and stipulated to the findings in a court-ordered mental health evaluation and, based on that evaluation, the trial court found petitioner was competent to stand trial. *Id.* Petitioner's written plea form also indicates that the trial court found petitioner competent for the purpose of the plea hearing that was held on October 14, 2013. Dkt. 7-1, at 5. That written form further reflects that petitioner indicated, "No," when asked whether he had "ever been treated by a doctor or health professional for mental illness or confined in a hospital for mental illness." *Id.* at 1. On this record, the Court rejects petitioner's argument that his state-court judgment never became final.

Thus, as respondent contends, petitioner's state-court judgment became final on February 3, 2014, when the time expired for petitioner to file a notice of intent to appeal. Under § 2244(d)(1)(A), petitioner's one-year limitation period for filing a timely federal habeas petition commenced the next day, February 4, 2014, and, absent any tolling events, expired on February 4, 2015. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (discussing calculation of one-year limitation period). And, as respondent contends, petitioner is not entitled to statutory tolling for this one-year limitation period because he filed his first application for postconviction relief more than four years after the limitation period expired. Dkt. 7, at 5; *see Clark*, 468 F.3d at 714 (noting that application for postconviction relief filed after limitation period expires has no tolling effect).

Based on the foregoing, the habeas petition is untimely under § 2244(d)(1)(A).

7

V.

Petitioner has not shown that his one-year limitation period commenced at a later date under any other provision of § 2244(d)(1). Petitioner appears to suggest that his one-year limitation period commenced at a later date under § 2244(d)(1)(B). That provision requires a state prisoner to file his or her federal habeas petition within one year of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

Petitioner appears to invoke application of this provision, but fails to develop any coherent argument as to why it applies. Specifically, after citing all four provisions of § 2244(d)(1), petitioner asserts, without explanation, "that because of a state created impediment and a constructive denial of the effective assistance of counsel he has been prevented from bringing a claim addressing the State action which has prevented him from bringing a claim." Dkt. 4, at 11-12. Petitioner neither clearly identifies the alleged "State action" that prevented him from bringing a claim nor suggests a date on which the alleged impediment created by State action was removed. *Id.* Petitioner's burden to show that some other provision of § 2244(d)(1) governs the commencement date of his one-year limitation period cannot be satisfied by merely referencing words drawn from the statutory provision.

Moreover, even if the Court construes petitioner's argument on this point as resting on his claim that the trial court never entered a proper final judgment, that argument fails for the reasons just discussed. Namely, contrary to petitioner's assertion, the trial court determined his competency before the plea hearing. Dkt. 7-10, at 9. Further, to the extent he asserts that conflict counsel's alleged ineffectiveness prevented him from filing a claim, that assertion fails to show that § 2244(d)(1)(B) applies because counsel's alleged failure to file a notice of intent to appeal

8

does not constitute "State action." *See Sigala v. Bravo*, 656 F.3d 1125, 1127 (10th Cir. 2011) (declining to apply § 2244(d)(1)(B) and reasoning, "State courts do not violate the Constitution or the laws of the United States by communicating with defendants through counsel, and the alleged failure of [petitioner's] attorney to notify him of the amended judgment and sentence, even if true, cannot properly be 'state action' attributable to New Mexico.").

For these reasons, petitioner fails to show that § 2244(d)(1)(B) applies. And, even fairly construed, petitioner's arguments do not suggest that the one-year limitation period commenced at a later date under either § 2244(d)(1)(C) or (d)(1)(D). As a result, unless petitioner can show that the one-year period should be tolled for equitable reasons, the petition is barred by the statute of limitations.

## VI.

Petitioner has not shown that the one-year limitation period should be equitably tolled. As previously stated, a court may equitably toll the one-year limitation period if the habeas petitioner shows he diligently pursued the claim or claims asserted in the habeas petition and that extraordinary circumstances prevented the petitioner from timely filing the petition. *Holland*, 560 U.S. at 645; *Yang*, 525 F.3d at 928. As respondent contends, petitioner makes neither showing.

First, petitioner's federal habeas claims allege that the State violated his constitutional rights (1) in October 2013, when the trial court accepted his guilty pleas without determining that petitioner was competent to enter them, and (2) in February 2014, when conflict counsel failed to file a notice of appeal following the trial court's denial of his motion to withdraw the guilty pleas. Dkt. 4, at 2. Disregarding the fact that the trial court found petitioner competent to enter the pleas, petitioner had knowledge of the facts supporting both of these claims, i.e., knowledge of his purported incompetence and counsel's failure to perfect an appeal, for at least four years before he

sought postconviction relief in state court as to these claims and five years before he sought federal habeas relief. This does not demonstrate the requisite diligence. *See, e.g.*, *Collins v. Bear*, 698 F. App'x 946, 949 (10th Cir. 2017) (unpublished)[4] (rejecting petitioner's request for equitable tolling, in part, because petitioner filed the habeas petition more than five years after the statute of limitations expired); *Fisher v. Gibson*, 262 F.3d 1135, 1143 (10th Cir. 2001) (noting that equitable tolling requires diligence and finding, in part, that petitioner did not diligently pursue his claims when he filed a habeas petition three years and five years after his relevant state-court judgments became final).

Even assuming the Court could overlook petitioner's failure to diligently pursue his claims, petitioner also fails to identify any extraordinary circumstances warranting equitable tolling. First, petitioner asserts that conflict counsel abandoned him after the trial court denied his motion to withdraw his plea. Dkt. 4, at 9-10. Accepting this assertion as true, petitioner may have had a valid excuse for failing to perfect a timely certiorari appeal. But it does not explain why petitioner waited more than four years after his AEDPA deadline expired to file an application for postconviction relief and one additional year to file a federal habeas petition after the state court denied his postconviction appeal. *See e.g., Mullins v. Allbaugh*, 663 F. App'x 628, 631 (10th Cir. 2016) (unpublished) (rejecting habeas petitioner's request for equitable tolling of one-year limitation period based on allegation that trial counsel rendered ineffective assistance by failing to file a motion to withdraw plea within 10 days of sentencing); *Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (unpublished) (rejecting habeas petitioner's arguments for equitable tolling, notwithstanding his assertion that his lawyer failed to file notice of appeal as requested,

---

[4] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

10

and noting that petitioner failed to explain why it took him almost four years after his conviction became final to file an application for postconviction relief in state court and almost five years after his conviction became final to file a federal habeas petition).

Next, petitioner appears to argue equitable tolling is warranted because he suffers from some unspecified "mental illness or defect." Dkt. 4, at 9. "Equitable tolling of a limitations period based on mental incapacity is warranted only in exceptional circumstances that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity." *Alvarado v. Smith*, 713 F. App'x 739, 742 (10th Cir. 2017) (unpublished) (quoting *Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002) (unpublished)). But the petitioner must offer some evidence supporting his claim that mental incapacity prevented him from filing a timely habeas petition. *See Wiegand v. Zavares*, 320 F. App'x 837, 839 (10th Cir. 2009) (unpublished) ("Allegations of mental incompetence alone . . . are generally insufficient to warrant equitable tolling."); *Ketchum v. Parker*, 548 F. Supp. 2d 1233, 1235 (W.D. Okla. 2008) (rejecting habeas petitioner's claim that mental incompetence warranted equitable tolling because petitioner "offered no evidence supporting his claim"). Petitioner's mere allegation that he suffers from a "mental illness or defect" falls short because, as previously discussed, the trial court found petitioner competent to stand trial in August 2013, reaffirmed that finding in October 2013 during petitioner's plea hearing, and petitioner's own written statements in his plea form indicate he has never been treated for mental illness. Dkt. 7-1, at 5; Dkt. 7-10, at 9, 24-25.

Finally, petitioner asserts, "[a]ny decision that would violate 28 U.S.C. § 2254(d) is subject to equitable tolling because § 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,'" and because the AEDPA's statute of

11

limitations is not jurisdictional. Dkt. 4, at 14-15 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring)). Under § 2254(d), to obtain habeas review of a federal claim that was adjudicated on the merits in state court, the habeas petitioner must show that the state court's decision is contrary to clearly established federal law, involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts presented in state court. 28 U.S.C. § 2254(d)(1)-(2). But, as respondent argues, this argument lacks legal merit. Dkt. 7, at 10-11 n.9; *see Wilson v. Crow*, 790 F. App'x 172, 173-74 (10th Cir. 2020) (unpublished) ("[T]here is no merit to Petitioner's argument that the habeas statute of limitations is inapplicable whenever a habeas petitioner argues that the state court's decision was contrary to clearly established federal law or involved an unreasonable determination of the facts. . . . [T]his argument, which would effectively eviscerate the statute of limitations . . . finds no support in the law.").

Based on the foregoing, petitioner has not shown that the one-year limitation period should be tolled for equitable reasons.[5]

## VII.

Because petitioner failed to file his petition for writ of habeas corpus within the one-year limitation period set forth in § 2244(d)(1)(A), has not shown that any other provision of § 2244(d)(1) applies, and has not shown that the one-year period should be tolled for equitable reasons, the Court grants respondent's dismissal motion and dismisses the petition, with prejudice, as barred by the applicable one-year statute of limitations. Further, because reasonable jurists

---

[5] Respondent also argues that petitioner has not demonstrated that he is actually innocent, as required to support application of *Perkins*' equitable exception. Dkt. 7, at 9-10. But the Court finds it unnecessary to address this argument because even a fair reading of the petition reveals no discernible argument from petitioner that he is actually innocent of the crimes for which he admitted his guilt. *See* Dkt. 4, generally.

would not debate either that the petition is untimely or that petitioner's circumstances do not support equitable tolling, the Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S 473, 484 (2000); 28 U.S.C. § 2253(c); Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. 6) is **granted**.
2. The petition for writ of habeas corpus (Dkt. 4) is **dismissed with prejudice**.
3. A certificate of appealability is **denied**.
4. A separate judgment shall be entered in this matter.

**DATED** this 28th day of October 2020.

TERENCE C. KERN
United States District Judge